IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL AMODEI-MASCARA,        )
           Plaintiff,        )
                             )
vs                            )   Civil Action No. 10-594
                             )
PENNSYLVANIA STATE POLICE et al., )
           Defendants.       )

O R D E R

On January 18, 2011, Plaintiff Cheryl Amodei-Mascara filed a Motion for Remand (Docket No. 19). In the motion, Plaintiff notes that, in addition to the federal law claims asserted under Title VII and § 1983, she has also asserted state law claims under the Pennsylvania Human Relations Act and the Whistleblower Law, but that these claims would be barred in federal court under the Eleventh Amendment. She argues that "if even one claim in an action is jurisdictionally barred from federal court by a state's sovereign immunity … then, as a consequence of § 1441(a), the whole action cannot be removed to federal court." Frances J. v. Wright, 19 F.3d 337, 341 (7th Cir. 1994).

However, the case upon which Plaintiff relies has been abrogated by the United States Supreme Court and is no longer good law: "A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims in the case…. A federal court can proceed to hear those other claims…. Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 392-93 (1998). Moreover, the Supreme Court subsequently held that, when a state removes a case to federal court, it waives its Eleventh Amendment immunity. Lapides v. Board of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002).

AND NOW, THEREFORE, this 19th day of January, 2011,

IT IS HEREBY ORDERED that the Motion for Remand filed by Plaintiff (Docket No. 19) is denied.

    s/Robert C. Mitchell
    Robert C. Mitchell
    United States Magistrate Judge